HALL, Judge.
Emmett A. Moran, Jr., a civil-service employee of the Department of Sanitation of the City of New Orleans, having been dismissed from his employment as a Laborer-Waste Collector by the Appointing Authority for failure to report to work as ordered, appealed his dismissal to the Civil Service Commission of tire City of New Orleans. The Commission affirmed Moran’s dismissal and dismissed his appeal. Moran prosecutes this appeal from the ruling of the Commission. (See Constitution Art. XIV, § 15(0) (1); Hughes v. Department of Police, La.App., 131 So.2d 99.)
The record reveals that Moran was injured on August 1, 1964 while engaged at his duties with the Sanitation Department when a fire hydrant over which he was bending became dislodged by pressure and exploded out of the ground striking him in the left abdomen and chest. He was removed immediately to Merpy Hospital and remained there as a bed patient until August 8, 1964 under the care of Dr. N. C. Tessitore, a surgeon whose services were engaged by the Department of Sanitation. Following his discharge from the hospital he was given diathermy treatments by Dr. Tessitore until September 14, 1964 on which date Dr. Tessitore discharged him as able to return to work.
Still complaining of pain, Moran sought relief from Dr. Sam C. Macaluso, his family physician. Dr. Macaluso began treating him on September 16, 1964 and placed him in Touro Infirmary from September 26, 1964 to November 5, 1964 for tests and further treatment. After his discharge from Touro Infirmary Dr. Macaluso saw him at his office approximately twice a month up to the date of the Commission hearing.
On February 16, 1965 Moran was examined by Dr. Charles R. Robinson, examining physician for the City Civil Service Department, who reported in writing to the Sanitation Department that he found Moran “no longer disabled and should be able to resume any and all activities related to his job as of the date of my examination.” Following receipt of this report by the Department Moran was notified by his foreman on February 17, 1965 to report to work that night. When Moran failed to report as ordered the Department notified him by letter dated February 22, 1965 that if he did not report to work as of February 24th he would be removed from the payroll of the Department. Moran replied by letter dated February 24, 1965 stating that he was still under the care of his personal physician, Dr. Macaluso, who had advised him not to return to work.
By letter dated February 26, 1965 the Department of Sanitation notified Moran that he had been “dismissed from the payroll” of the Department “effective February 26, 1965” for “failure to report back to work as ordered.” Moran appealed his dismissal to the Civil Service Commission contending that his dismissal was “unreasonable and capricious considering the fact that I have been under extensive medical care and presently under medical care.”
Thus the question presented to the Commission was whether Moran was physically unable as of February 24, 1965 to resume his duties with the Sanitation Department by reason of the injuries received by him in the work-connected accident of August 1, 1964.
The record of the hearing before the Commission consists principally of the testimony of Drs. Tessitore, Robinson and Macaluso. Dr. Macaluso testified that X-rays taken at Touro Infirmary revealed that Moran had an esophageal hernia which “could be caused by trauma,” and *701 that in addition thereto Moran in his opinion was suffering from a “possible” inguinal or Spigelian hernia as a result of the accident. Drs. Tessitore and Robinson were equally positive that Moran had neither a Spigelian nor an inguinal hernia and that he was fully able to perform his customary duties. Neither of them examined Moran for an esophageal hernia because in their opinion he exhibited no symptoms thereof. Furthermore Dr. Tessitore testified that such a hernia was usually congenital, and even if Moran had one it would not prevent him from performing his duties with the Sanitation Department.
The record further reveals that Moran, who was a barber by trade and only worked for the Sanitation Department at night, had ever since his accident been steadily performing his barber work for as much as ten hours per day, five days per week, including the pumping up and turning of his barber chair, and on March 17, 1965 had marched for hours in the annual Irish Channel St. Patrick’s Day Parade without apparent pain or difficulty. Moreover, Moran admitted that only a few weeks prior to the Commission hearing he had pitched four innings of a soft-ball game in City Park, and when it was his turn to bat had beat out a single to first base.
It is unnecessary to report the testimony in further detail. The Civil Service Commission made the following findings of fact:
“1. That appellant did not carry the burden of proof imposed upon him to sustain his alleged physical inability to return to his duties as ordered, nor did he make any serious, timely attempt as he might have done, to bring to the attention of the Appointing Authority medical evidence that he was, in fact, still disabled, after being ordered by the Appointing Authority to return to work.
“2. That the Appointing Authority acted upon competent medical advice in ordering the appellant to return to work, and that appellant’s failure to do so, under the circumstances, constituted reasonable cause for dismissal.
“3. That the activities of the appellant belie his allegations of constant pain and do not substantiate the opinion of his physician that appellant conceivably was suffering from an inguinal or Spigelian hernia which prevented appellant’s return to work with the Sanitation Department.”
On an appeal to the Civil Service Commission the burden of proof as to the facts rests on the employee, (Constitution Article XIV § 15 (N) (1)) and the decision of the Commission on the facts is final and not subject to review. This Court’s jurisdiction to review decisions of the Civil Service Commission is limited to questions of law. (Constitution, Article XIV § 15(0) (1))
 The decision of the Civil Service Commission in this matter is based on substantial evidence and we are not empowered to determine the weight of conflicting testimony.
Appellant complains that after hearing testimony from Drs. Robinson and Macaluso the Commission, over appellant’s objection, continued the hearing for the purpose of taking the testimony of Dr. Tessitore. We find no error in such action.
For the foregoing reasons the ruling appealed from is affirmed, appellant to bear the costs of this appeal and all costs of the hearing before the Civil Service Commission legally chargeable to him.,
Affirmed.